HALL, Judge.
The appellant, T.A., a minor, challenges a final judgment adjudicating him delinquent *957 for burglary and grand theft and committing him to the custody of the Department of Health and Rehabilitative Services. T.A. raises three issues on appeal; however, we find merit only in his contention that the written commitment order is inconsistent with a prior ruling of the trial court. We therefore affirm in part and reverse in part.
In November 1990, the state filed two delinquency petitions against T.A. The first petition, case number 90-2535, charged T.A. with burglary and grand theft as to the residence of Tracy and Kenneth Hayden. The second petition, case number 90-2574, charged T.A. with burglary and grand theft as to the residence of David Ward.
At an adjudicatory hearing held in May 1991, the trial court granted T.A.’s motion for judgment of acquittal as to the burglary charge in case number 90-2535, the Hayden case, finding, essentially, that the state failed to make a prima facie case. At the end of the hearing, however, the trial court, without explanation or reference to its previous ruling, found T.A. guilty as charged in both delinquency petitions.
Since the trial court had already granted T.A.’s motion for judgment of acquittal as to the burglary charge in the Hayden case and the record fails to reveal any additional evidence establishing a prima facie case in that regard, we find the trial court erroneously adjudicated T.A. guilty of that offense at the close of the hearing.
Accordingly, we reverse T.A.’s adjudication of guilt as to the burglary charge in case number 90-2535 and remand the cause for correction of the commitment order to reflect that a judgment of acquittal was granted as to that offense. The judgment and sentence are otherwise affirmed.
SCHOONOVER, A.C.J., and BLUE, J., concur.